# EXHIBIT A

FILED
9/20/2022 4:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008457
Calendar, B
19571850

FILED DATE: 9/20/2022 4:08 PM  2022L008457

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DESHAUN TONEY, | ) | |
| Plaintiff, | ) | 2022L008457 |
| | ) | No. |
| v. | ) | DEMAND FOR TRIAL BY JURY |
| | ) | |
| CROWN EQUIPMENT CORPORATION, | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

DESHAUN TONEY, the plaintiff, by and through his attorneys, Levin, Riback and Adelman and Ankin Law complains of the Defendant, CROWN EQUIPMENT CORPORATION, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. On November 24, 2020, the Plaintiff Deshaun Toney (hereinafter "Toney") was and is at all times material hereto a resident of, and domiciled in the City of Chicago, Cook County, State of Illinois.

2. Defendant Crown Equipment Corporation (hereinafter referred to as "Crown") is an Ohio corporation with its principal place of business in Ohio. Crown is in the business of designing, manufacturing, assembling, distributing, and selling pallet trucks.

3. Crown conducts business in Joliet, Illinois and derives substantial revenue from its sales, service, maintenance, marketing, and distribution efforts in Illinois.

4. On November 24, 2020, the plaintiff was working for Battaglia Distributing Corporation in the City of Chicago, County of Cook and State of Illinois.

5. Jurisdiction and venue are proper in Cook County because Plaintiff Deshaun Toney is a citizen and resident of Cook County, and the incident occurred in Cook County.

**STATEMENT OF FACTS**

FILED DATE: 9/20/2022 4:08 PM  2022L008457

6. Crown designed, manufactured, marketed, and sold a Walkie/Rider Pallet Truck (also referred to hereinafter as "pallet truck"). The subject pallet truck is a Crown PE 4500 series. This pallet truck was manufactured in the U.S. and distributed by Crown as a safe and stable passenger-carrying pallet truck.

7. The pallet truck was designed, manufactured, and sold in 2013 by Crown with identification number 6A321852 truck type E. This pallet truck weighs more than 3,200 pounds when it is not carrying any materials

8. The pallet truck was sold by Crown Lift Trucks in Joliet, Illinois to the plaintiff's employer, Battaglia Foods, in 2013.

9. The feature of the subject pallet truck that is material to this action is that the pallet truck's braking system failed to function properly. Thus, it failed to stop the machine before it struck the plaintiff.

10. On November 24, 2020, DeShaun Toney was employed by Battaglia Distributing Corporation for warehousing work at its 2500 Ashland Avenue, Chicago location.

11. Another employee of Battaglia Distributing Corporation, Matthew Wozek, was driving the pallet truck manufactured by Crown and traveling southbound at Battaglia Distributing Company down the folder and circle aisle heading to the basement to retrieve folders that were on the order that he was pulling.

12. As Wozek was aboard the pallet truck and he was approaching the ramp leading to the downstairs area, the plaintiff, DeShaun Toney was working in the aisle was retrieving different folders that were staged off to the east side at the top of the ramp.

13. Upon information and belief, Matthew Wozek approached both the ramp and Toney and went to adjust his right foot on the floorboard of the pallet truck and missed the floorboard causing Wozek to fall forward off of the pallet truck.

14. After Wozek fell off of the pallet truck, the truck continued to move uncontrolled by any operator.

15. Upon information and belief, Matthew Wozek hit the ground running and by the time he caught his balance, his equipment, The Crown Walkie Rider Pallet Truck, was out of control and continued to move down the aisleway where the plaintiff, DeShaun Toney was working.

16. Upon information and belief, Matthew Wozek tried to steer the equipment back on path, but the equipment veered to the left striking Toney's ankle and left lower leg.

17. The Crown Equipment Corporation walkie rider pallet truck did not stop despite the operator having fallen off of the machine and having let go of the handles to operate the machine.

18. The walkie rider pallet truck slammed into the plaintiff, DeShaun Toney, causing a right open pilon fracture and fractures to the tibia and fibula requiring multiple surgeries and hospitalizations that will likely require an eventual complete amputation below the knee.

19. As a direct and proximate result, DeShaun Toney was taken to Cook County/Stroger Hospital in Chicago. He has been permanently injured and has required extensive hospitalization and medical care in the past, with further extensive treatment that will be needed in the future.

## COUNT I

## STRICT LIABILITY AS TO CROWN

20. Toney realleges and incorporates the paragraphs above as if fully set forth herein.

21. At all relevant times, Defendant Crown expected that its Walkie rider pallet truck would be sold and used in the State of Illinois.

22. Defendant Crown designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, sold, maintained, and repaired the subject pallet truck 6A321852 truck type E.

23. In December of 2013, Crown sold and delivered walkie rider identification number 6A321852 truck type E to Battaglia Distributing Corporation in Chicago, Illinois.

FILED DATE: 9/20/2022 4:08 PM 2022L008457

24. At various times and dates between 2013 and November 24, 2020, the Defendant Crown inspected, maintained, serviced, and repaired Crown walkie rider at its facility in Joliet, Illinois.

25. The Defendant Crown had the duty to manufacture, distribute, sell, service, maintain and repair the truck so that it was not unreasonably dangerous for its intended use.

26. The subject pallet truck was defective and unreasonably dangerous for its intended use at the time it left the hands of Crown and placed into the stream of commerce and while it was in Crown's facilities being maintained, serviced, and repaired after it was placed into the stream of commerce.

27. The pallet truck was defective because it has an unreasonable tendency to injure people when used in a manner that was intended or directed by or reasonably foreseeable to, and was known to or foreseen by, Defendant, specifically: the braking system on the pallet truck can fail to engage and fail to stop the machine within a reasonable distance if the operator is no longer on the machine.

28. The manner of operation and use of the subject pallet truck by employees of Battaglia was foreseeable to Crown.

29. Crown designed, tested, manufactured, and sold the Crown 4500 Series E Walkie Rider pallet truck such that it was unreasonably dangerous for its intended purpose in one or more of the following respects:

    a) A The Crown Walkie rider was unreasonably dangerous because it failed to have an operational "kill switch" that would shut off the machine in the event the operator fell off of or stepped off the machine.
    b) The Crown Walkie rider was unreasonably dangerous in that the "kill switch" if present, failed to function and stop the machine in the event that the operator fell off or stepped off of the machine.
    c) The Crown Walkie rider was unreasonably dangerous because Crown failed to properly repair the "kill switch", if present, because it was not operational at the time it was being operated by plaintiff's co-employee.

FILED DATE: 9/20/2022 4:08 PM   2022L008457

    d) The Crown Walkie rider was unreasonably dangerous in that it was designed, manufactured, and wired to operate at higher speeds than were safe for use in a warehouse setting where other employees would be working.

    e) The Crown Walkie rider was unreasonably dangerous in that it was designed, manufactured, sold and or repaired or modified to operate out of coast mode allowing the machine to operate at speeds that were too fast for warehouse conditions.

    f) The Crown Walkie rider was unreasonably dangerous in that Crown failed to warn users of the machine that the "kill switch" was not present on the machine and the machine will continue to move when the operator falls off or steps off the machine.

    g) The Crown Walkie rider was unreasonably dangerous in that Crown failed to warn users of the machine at Battaglia Foods that the "kill switch" was not operational and the machine could continue to move when the operator was not on the machine.

30. As a direct and proximate result of the aforementioned unreasonably dangerous conditions in the Crown Walkie Rider, Matthew Wozek, who was operating the machine at a speed too fast for warehouse conditions, fell off or stepped off the machine and the walkie rider's kill switch failed to function or the kill switch was not present, the machine continued to run without its operator, and it hit and injured the plaintiff, DeShaun Toney.

31. The defective design and failure to warn and/or provide adequate warnings regarding the dangers associated with the use of the subject pallet truck makes Crown liable to Toney in strict liability.

32. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject pallet truck, Toney suffered severe and permanent injuries to his body, more specifically he suffered a pilon fracture and fractures to his tibia and fibula. He has had numerous surgeries, been hospitalized numerous times, and will likely need to have his left leg amputated below the knee. The plaintiff has incurred and will continue to incur doctors' bills and hospital bills. He has and will continue to have pain and suffering, and disability on a permanent basis, suffer from loss of enjoyment of life, has and will endure past and future loss of earnings and/or earning capacity, life care and rehabilitation costs, mental anguish, and physical scarring.

FILED DATE: 9/20/2022 4:08 PM 2022L008457

WHEREFORE, the plaintiff, DESHAUN TONEY, demands judgment against the Defendant CROWN EQUIPMENT CORPORATION in a sum in excess of $75,000.00 plus costs.

## COUNT II

## NEGLIGENCE AS TO CROWN

33. Toney realleges and incorporates paragraphs 1-23 above as if fully set forth herein.

34. At all relevant times, Defendant intended and expected that Defendant's Walkie rider pallet truck would be sold and used in the state of Illinois

35. Crown owed Toney a duty to manufacture and assemble the subject pallet truck in a proper manner such that the product was reasonably safe for its intended use.

36. Crown had a duty to hold paramount the safety, health, and welfare of the public in designing the subject pallet truck.

37. Crown had a duty to design out, guard against, or warn of hazards that were known or should have been known with the use of the subject pallet truck.

38. At all times material to this incident, Crown also performed repairs and maintenance on the pallet truck.

39. Crown did this repair and maintenance through its Joliet, Illinois Branch of Crown Lift Trucks. Crown does business in Illinois and has offices in Illinois.

40. Crown was careless and negligent in its design, manufacture, and sale of the Walkie Rider pallet truck in the following respects:

    a) Crown carelessly and negligently failed to design, manufacture, and sell the walkie rider with an operational "kill switch" that would shut off the machine in the event the operator fell off of the machine.
    b) Crown carelessly and negligently designed, manufactured, and sold the walkie rider with a "kill switch" that, if present, failed to function and stop the machine in the event that the operator fell off of the machine.
    c) Crown carelessly and negligently failed to properly repair the "kill switch" because it was not operational at the time it was being operated by plaintiff's co-employee during the incident that injured Plaintiff.

d) Crown carelessly and negligently designed, manufactured, and sold the walkie rider to operate at higher speeds than were safe for use in a warehouse setting where other employees would be working.

e) Crown carelessly and negligently designed, manufactured, and sold the walkie rider to operate out of coast mode allowing the machine to operate at speeds that were too fast for warehouse conditions.

f) In the event that the walkie rider did not have a "kill switch", Crown carelessly and negligently failed to warn users of the machine that the "kill switch" was not present on the machine and the machine will continue to move when the operator falls off or gets off of the machine.

g) Crown carelessly and negligently failed to warn users of the machine at Battaglia Foods that the "kill switch" was not operational and the machine could continue to move when the operator was not on the machine.

41. As a direct and proximate result of negligence in the design, manufacture, sale, repair and maintenance of the pallet truck, Matthew Wozek, when operating the machine, apparently fell off of the machine and the walkie rider continued to move out of control and hit, the plaintiff, DeShaun Toney. DeShaun Toney suffered harmful injuries when the machine hit him and thereby suffered a pilon fracture and fractures to his tibia and fibular and other bones and structures in his left lower leg. The plaintiff, DeShaun Toney suffered severe and permanent personal injuries requiring medical care, hospitalizations, and surgeries. He will likely need an amputation of his left lower leg at some time in the near future.

42. Crown breached its duty to Toney when it careless and negligently designed, manufactured, installed, inspected, tested, maintained, and/or repaired and/or assembled the pallet truck, and failed to ensure the pallet truck was properly operating and free from malfunction or defect and failed to assure it contained proper warnings and instructions, and failed to use a safer alternative design to prevent the subject incident.

43. As a result of Crown's negligence, the subject pallet truck was unnecessarily dangerous and proximately caused Toney to suffer severe and permanent injuries to his body, required him to obtain medical care and hospitalizations, required him to incur medical bills, suffer from loss of enjoyment of life, disability, pain and suffering, and he has and will endure past and future

FILED DATE: 9/20/2022 4:08 PM   2022L008457

loss of earnings and/or earning capacity, life care and rehabilitation costs, mental anguish, and physical scarring.

WHEREFORE, the plaintiff, DESHAUN TONEY, demands judgment against the Defendant CROWN EQUIPMENT CORPORATION in a sum in excess of $75,000.00 plus costs and all other relief to which he may show himself justly entitled.

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By:    */s/ Richard I. Levin, Esq.*
       Richard I. Levin, Esq.

Atty I.D. No. 65779
**LEVIN, RIBACK & ADELMAN, P.C.**
Attorneys for Plaintiff
10 North Dearborn, 11th Floor
Chicago, Illinois 60602
(312) 782-6717
rlevin@lralegal.com
mkanaan@lralegal.com

Atty. I.D. No. 35193
**Ankin Law Office LLC**
10 North Dearborn
Chicago, IL 60602
Howard@Ankinlaw.com
Scott@ankinlaw.com

FILED DATE: 9/20/2022 4:08 PM   2022L008457

**SUPREME COURT RULE 222 AFFIDAVIT**

Richard I. Levin, attorney for Plaintiff, duly sworn under oath, states as follows: Based upon information and belief as of the date of the signing this Complaint, the total of money damages sought exceeds the jurisdictional limits.

                                      By:      */s/ Richard I. Levin, Esq*.
                                                         Richard I. Levin, Esq.
                                                         Attorney for Plaintiff

LEVIN, RIBACK & ADELMAN, P.C.
10 N. Dearborn Street, 11th Floor
Chicago, IL 60602

Dated: 09/20/2022